# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2013

No. 12-50934
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIPE SOSA-NUNEZ, also known as Albert Duran, also known as Phillip
Sosa-Nunez, also known as Albert Duran Huero,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-875-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Felipe Sosa-Nunez appeals the 30-month within-guidelines sentence he
received following his guilty plea to illegal reentry into the United States after
deportation.  Sosa-Nunez argues that his sentence is greater than necessary to
meet the sentencing goals of 18 U.S.C. § 3553(a).  He specifically contends that
the district court failed to adequately consider his benign motives for returning,
his personal characteristics, or the fact that his illegal reentry offense was a non-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

violent crime.  He further contends that the sentence imposed is not entitled to a presumption of reasonableness because the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based.

Generally, we review sentences for reasonableness in light of the sentencing factors in § 3553(a).  *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  First, we consider whether the district court committed a significant procedural error.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  If there is no error or the error is harmless, we review the substantive reasonableness of the sentence imposed for an abuse of discretion.  *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 753 (5th Cir. 2009).  However, because Sosa-Nunez did not raise his substantive reasonableness argument in the district court, we review for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

When reviewing the reasonableness of a sentence within a properly calculated guidelines range, we generally will infer that the district court considered the sentencing factors set forth in the Sentencing Guidelines and § 3353(a).  *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  The record reflects that the district court expressly considered the relevant § 3553(a) factors as well as Sosa-Nunez's arguments for mitigating his sentence but implicitly overruled his arguments and concluded that a within-guidelines sentence was adequate, fair, and reasonable.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).  Moreover, we have previously rejected the argument that a guidelines sentence under § 2L1.2 is unreasonable because illegal reentry is, as Sosa-Nunez puts it, merely a trespassing offense and not a crime of violence. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Accordingly, we decline Sosa-Nunez's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Furthermore, Sosa-Nunez's empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67 n.7. His sentence, which is at the top of the properly calculated guidelines range, is presumed reasonable. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Sosa-Nunez has not demonstrated that the district court plainly erred by sentencing him to a within-guidelines 30-month prison term. *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 392. Accordingly, the judgment of the district court is AFFIRMED.